IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SALADIN RUSHDAN,

        Plaintiff,

    v.

JEFFREY BEARD, Director-Secretary, California Department of Corrections and Rehabilitation,

        Defendant.

No. C-90-2895 TEH (PR)

ORDER REOPENING CASE, SETTING BRIEFING SCHEDULE REGARDING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND FOR CONTEMPT AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Docket nos. 118 and 119.

I

Plaintiff Saladin Rushdan, an inmate at California State Prison in Corcoran (CSP-Corcoran), has filed a motion to enforce a 1994 agreement between himself and the Director of the California Department of Corrections and Rehabilitation (CDCR)[1] to settle his claims for deliberate indifference to serious medical needs and related claims asserted in the instant case, C-90-2895 TEH (PR).[2] He also seeks an order holding the CDCR in contempt for not

---

[1] In 1994, this department was known as the California Department of Corrections (CDC). In the settlement agreement it is referred to as the CDC. However, the Court will refer to it by its present name, the California Department of Corrections and Rehabilitation (CDCR).

[2] Jeffrey Beard, current CDCR Director-Secretary, is substituted for the former CDCR Director-Secretary. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office"); Figueroa v. Gates, 120 F. Supp. 2d 917, 920 (C.D. Cal. 2000)(where an official is replaced during pendency of a suit, it is appropriate to substitute the name of the replacement in place of the prior official with regard to the official-capacity basis for suit).

1 complying with the terms of the settlement agreement.  This case was
2 dismissed with prejudice on December 28, 1994, pursuant to the
3 settlement agreement.  Doc. ## 114-116.

4     Plaintiff attaches a copy of the settlement agreement to
5 his motion.  The relevant portions are as follows:

> Claimant is to receive medical care for his Keloidal
> condition from Dr. Roy C. Grekin, M.D. or from anyone
> designated by Dr. Grekin.  Dr. Grekin will also prescribe
> and/or order medical care for the Claimant to be rendered
> by CDCR staff at the California Medical Facility (CMF) in
> Vacaville, California.  The Chief Medical Officer at CMF
> will oversee the medical care prescribed and/or ordered by
> Dr. Grekin for the Claimant at CMF for the period to be
> prescribed by Dr. Grekin.

1994 Settlement Agreement ¶ 4(a).

> Housing: The Claimant is to be housed in a single cell
> with a lower bunk for a period not less that fifteen (15)
> months commencing the date this agreement is signed.

> Further, the Claimant is to be housed at CMF for the
> period that he is receiving medical care from Dr. Grekin.

Id. ¶ 4(b).

> Implementation of Agreement: The Director of the
> California Department of Corrections (hereinafter
> "Director") shall be specifically responsible for the
> implementation of the provisions of this Agreement.

> Further, in the event that any provision of this agreement
> is not implemented, the Claimant may bring an action
> against the Director to obtain performance of any of the
> provisions of this Agreement.

Id. ¶ 4(d).

    In his motion, Plaintiff asserts that his medical treatment is ongoing to the present and the settlement agreement has been breached by the following actions:  (1) he has been transferred to various prisons a number of times, a breach of paragraph 4(b), which requires that he be housed at CMF for the period he is

receiving medical care from Dr. Grekin; (2) he has had his medical treatment cancelled, delayed and ignored; and (3) his single cell status has been revoked, a breach of paragraph 4(b).

Based on Plaintiff's representations, this case is re-opened and Defendant shall respond to Plaintiff's motion, in accordance with the briefing schedule set forth below.

## II

Plaintiff moves for appointment of counsel. The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of the "exceptional circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff's motion for appointment of counsel is denied without prejudice. Because this case is only now being re-opened and Defendant has not yet responded, it is too early to determine if Plaintiff meets the exceptional circumstances test. Plaintiff may re-file this motion at a later date and after Defendant responds, if he believes his case meets the exceptional circumstances requirement.

3

### III

Based upon the foregoing, the Court orders the following:

1. The Clerk of the Court shall re-open this case.

2. Plaintiff's motion for appointment of counsel is denied without prejudice.  Doc. #118.

3. This Order, together with Plaintiff's motion and the accompanying exhibits, doc. #119, shall be served on Defendant, and copies shall be mailed to the State Attorney General's Office in San Francisco.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

4. Within twenty-eight days from the date of this Order, Defendant shall respond to Plaintiff's motion to enforce the settlement agreement and for contempt.  Defendant's response shall include any relevant documenation and declarations.  Plaintiff may file a reply within fourteen days thereafter, also including any relevant documentation and declarations.

5. This matter shall be decided on the papers.  If the Court determines that a hearing is required, it shall so inform the parties.

IT IS SO ORDERED.

DATED   *01/14/2014*

THELTON E. HENDERSON
United States District Judge