**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SALADIN RUSHDAN, aka,<br>ROBERT STANLEY WOODS,<br><br>    Plaintiff,<br><br>  v.<br><br>JEFFREY BEARD,<br><br>    Defendant.<br>_____ / | No. C-90-2895 TEH (PR)<br><br>ORDER CLOSING CASE |

In 1990, Plaintiff, a state prisoner then incarcerated at San Quentin State Prison, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs.[1] The action was assigned to the undersigned who thereafter appointed volunteer counsel to represent Plaintiff.

In January 1994, after meeting with Judge Eugene Lynch, the parties reached a settlement agreement and entered into a stipulated dismissal. On February 28, 1994, this Court dismissed the case with prejudice.

---

[1] Plaintiff is currently confined at California State Prison-Corcoran.

On October 7, 2013, Plaintiff, again proceeding pro se, filed a motion to enforce the settlement agreement. Plaintiff also sought an order holding the California Department of Corrections and Rehabilitation (CDCR) in contempt for not complying with the terms of the settlement agreement. On January 15, 2014, the Court reopened the action and directed Defendant, CDCR Director Jeffrey Beard, to respond to Plaintiff's motion. Defendant has filed an opposition, and Plaintiff has filed a reply. Plaintiff has also filed a motion for appointment of counsel and two motions for emergency injunctive relief.

Upon closer review, however, it appears that the Court does not have jurisdiction to enforce the settlement agreement. Federal courts ordinarily do not have jurisdiction to enforce settlement agreements once the settled actions have been dismissed. See Hagestad v. Tragesser, 49 F.3d 1430, 1433 (9th Cir. 1995). Jurisdiction exists only if the court expressly retains jurisdiction to enforce the agreement or if the terms of the settlement agreement are incorporated into the dismissal order. Id. A review of the docket sheet here shows that the Court took neither of these actions.[2]

---

[2] A court does retain jurisdiction to enforce a consent decree. See 18 U.S.C. § 3626(c), (g)(1), (g)(6) (distinguishing between "consent decrees" and "private settlement agreements" in actions concerning prison conditions and explaining that only "private settlement agreements" are not enforceable in federal court). It is clear here, however, that the 1994 compromise and release (Dkt. No. 119 at 12-19), is a private settlement agreement, not a consent decree. See Christina A. v. Bloomberg, 315 F.3d 990, 993 (8th Cir. 2003) ("district court's approval of the settlement agreement does not, by itself, create a consent decree."); Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health and Human Res., 532 U.S.

       Where the court does not retain jurisdiction to enforce a settlement agreement, the vehicle for the enforcement of the settlement agreement is a breach of contract claim in another proceeding, where "part of the consideration [for the contract] was dismissal of an earlier federal suit." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994). Breach of contract is a state law cause of action. Id. at 382. Plaintiff may therefore seek to enforce the settlement agreement by filing an action for breach of the settlement agreement in state court.

       Accordingly, the Clerk shall terminate all pending motions and close the file.

       IT IS SO ORDERED.

DATED    _08/13/2014_     _____
                                                  THELTON E. HENDERSON
                                                  United States District Judge

---

598, 604 n. 7 (2001) ("Private settlements do not entail the judicial approval and oversight involved in consent decrees. And federal jurisdiction to enforce a private contractual settlement will often be lacking unless the terms of the agreement are incorporated into the order of dismissal."); Davis v. Gunter, 771 F.Supp.2d 1068, 1071 (D. Neb. 2011) (settlement agreement found to be private settlement agreement, and not consent decree, where it did not depend on court approval, did not provide for court to retain jurisdiction for enforcement of its terms, and did not require or provide for any ongoing court involvement or monitoring to ensure that the parties complied with it).

G:\PRO-SE\TEH\CR.90\Rushdan 90-2895 Dismiss.wpd

3